UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HISCOX INSURANCE COMPANY INC.,

                Plaintiff,

       v.                                            Case No.: _____

SAFE RISE LLC,

                Defendant,

      -and-

YEE TAI ENTERPRISES CORP., 126 LESSEE LLC,
MEL MANAGEMENT CORP. d/b/a STELLAR
MANAGEMENT, STROH ENGINEERING SERVICES,
P.C., and ENRIQUE CATALAN AGUILAR, as
Administrator of the ESTATE OF GALINDO MORENO
VILLEGAS,

                Nominal Defendants.
------------------------------------------------------------------------x

## **COMPLAINT FOR DECLARATORY JUDGMENT**

      COMES NOW, Plaintiff Hiscox Insurance Company Inc. ("Hiscox"), by and through its undersigned counsel, Kennedys CMK LLP, and in support thereof, states and alleges as follows:

      1.      This is a declaratory judgment action, brought pursuant to 28 U.S.C. §2201, in which Hiscox seeks a judgment that four insurance policies Hiscox issued to Safe Rise LLC ("Safe Rise") are rescinded and *void ab initio* due to material misrepresentations Safe Rise made to Hiscox in its policy application (the "Policy Application"). A copy of the Hiscox Policy Application is annexed hereto as **Exhibit A**.

      2.      Hiscox issued a commercial general liability policy to Safe Rise under policy number UDC-4726216-CGL-21, for the policy period of February 3, 2021 to February 3, 2022 (the "First Hiscox Policy").

3. Hiscox issued a renewal policy to Safe Rise under policy number P100.082.979.2, for the policy period of February 3, 2022 to February 3, 2023 (the "Second Hiscox Policy").

4. Hiscox renewed a third policy to Safe Rise under policy number P100.082.979.3, for the policy period of February 3, 2023 to February 3, 2024 (the "Third Hiscox Policy"). A copy of the Third Hiscox Policy is annexed hereto as **Exhibit B**.

5. Hiscox renewed a fourth policy to Safe Rise under policy number P100.082.979.4, for the policy period of February 3, 2024 to February 3, 2025 (the "Fourth Hiscox Policy"). A copy of the Fourth Hiscox Policy is annexed hereto as **Exhibit C**.

6. The First Hiscox Policy, the Second Hiscox Policy, the Third Hiscox Policy, and the Fourth Hiscox Policy are together referred to herein as the "Hiscox Policies."

7. In its Policy Application for the Hiscox Policies, Safe Rise made materially false representations to Hiscox, which Hiscox relied upon in issuing the Hiscox Policies.

8. First, Safe Rise stated that its primary type of business was "Training (business, vocational or life skills)" and specifically denied performing any "training, instruction, or services" in "construction management" or "safety." This was a material misrepresentation, as Safe Rise was, in fact, performing work as a construction superintendent.

9. Safe Rise also represented that it did not perform "any design, construction, installation, removal, or physical repair of any property or tangible good." This was also a material misrepresentation, as Safe Rise does perform general contracting and/or training, instruction, or services in construction management and/or safety, which gave rise to a claim against it.

10. Hiscox would not have issued the Hiscox Policies had Safe Rise given the correct information on the application, as such facts would have placed Safe Rise out of Hiscox's risk appetite.

11. Hiscox has been made aware that Safe Rise has been named as a defendant in a personal injury/wrongful death action styled *Enrique Catalan Aguilar v. Yee Tai Enterprises Corp. et al*, filed by Enrique Catalan Aguilar, as Administrator of the Estate of Galindo Moreno Villegas ("Aguilar"), in the Supreme Court of the State of New York, New York Count (the "Underlying Action"). A copy of the Underlying Complaint is annexed hereto as **Exhibit D**.

12. By way of this lawsuit, Hiscox further seeks a declaration that because the Hiscox Policies are rescinded and *void ab initio*, Hiscox does not owe any duty to defend or indemnify Safe Rise or any other purported insured or additional insured, including but not limited to nominal defendants Yee Tai Enterprises Corp. ("Yee Tai"), 126 Lessee LLC ("126 Lessee"), and Mel Management Corp. d/b/a Stellar Management ("Stellar"), with respect to the Underlying Action and may withdraw from the defense it has provided to Safe Rise to date.

13. Hiscox also seeks a declaration that that because the Hiscox Policies are rescinded and *void ab initio*, Hiscox does not owe any duty to defend or indemnify Safe Rise (or any other purported insured or additional insured) with respect to any prior or future claim, occurrence, or suit that is filed or may be filed in the future.

## THE PARTIES

14. Plaintiff Hiscox is an Illinois corporation with its domicile and principal place of business in Chicago, Illinois.

15. Defendant Safe Rise is a New York limited liability company duly formed and existing under the laws of the State of New York, with its principal place of business in Bay Shore, New York.

16. Upon information and belief, the principal of Safe Rise is Madison Rosa ("Rosa"), a citizen of New York residing in Suffolk County.

17. Nominal Defendant Yee Tai is a New York corporation duly formed and existing under the laws of the State of New York, with its principal place of business in New York.

18. Nominal Defendant 126 Lessee is a foreign limited liability company duly formed and existing under the laws of the State of Delaware and duly authorized to do business in the State of New York, with its principal place of business in New York.

19. Nominal Defendant Stellar is a New York corporation duly formed and existing under the laws of the State of New York, with its principal place of business in New York.

20. Nominal Defendant Stroh Engineering Services, P.C. ("Stroh") is a New York Corporation duly formed and existing under the laws of the state of New York, with its principal place of business in West Babylon, New York.

21. Nominal Defendant Enrique Catalan Aguilar, as Administrator of the Estate of Galindo Moreno Villegas, is an individual citizen of the State of New York, residing in Queens County.

22. The Estate of Mr. Villegas is domiciled in the State of New York, Kings County.

23. Nominal Defendants Yee Tai, 126 Lessee, Stellar, Stroh, and Aguilar are joined to this action solely as interested parties over whom this Court has personal jurisdiction so that complete declaratory relief may be afforded to all parties who may potentially be affected.

## JURISDICTION AND VENUE

24. An actual justiciable controversy exists among the parties as to the scope and nature of the obligations of Plaintiff to Defendant under the Hiscox Policies.

25. This Court has subject matter jurisdiction over this civil lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs.

26.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the Underlying Action, which gives rise to this declaratory judgment claim, occurred within this District. Venue is also proper under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Safe Rise is an entity with the capacity to be sued in its common name and is subject to personal jurisdiction in this District based on its business activity.

## FACTUAL BACKGROUND
*The Application*

27.     On or about February 3, 2021, Safe Rise applied for the Hiscox Policies.

28.     As part of the application process, Hiscox asked Safe Rise: "What is your primary type of business?" to which Safe Rise replied "Training (business, vocational or life skills)."

29.     As part of the application process, Hiscox asked Safe Rise: "Does your business perform any design, construction, installation, removal, or physical repair of any property or tangible good?" to which Safe Rise replied "No."

30.     As part of the application process, Hiscox asked Safe Rise, in relevant part: "Does your business conduct any of the following training, instruction, or services? . . . Construction management . . . [or] Safety" to which Safe Rise replied "No."

31.     At no time relevant to this matter did Safe Rise advise Hiscox that it provided construction management or safety services and/or perform any design, construction, installation, removal, or physical repair of any property or tangible good.

32.     Had Safe Rise been truthful as part of the application process, Hiscox would not have issued the Hiscox Policies.

33.     During its investigation of the Underlying Action, Hiscox learned that Safe Rise's response to each of the aforementioned questions was false.

34. In fact, Safe Rise had entered into a contract with RJB Contracting Carting Corp., the underlying decedent's employer, to directly perform construction and/or safety services.

35. Additionally, Rosa held a general contractor's license issued by the New York City Department of Buildings ("DOB") from May 21, 2019 to March 31, 2023. According to the DOB database, the license was issued to Rosa "Doing Business As: SAFE RISE CONSTRUCTION" at Safe Rise's registered address.

36. The DOB database further shows that a Superintendent of Construction license was issued to Madison A. Ramirez Rosa "Doing Business As: SAFE RISE" on April 24, 2018, with an expiration date of April 24, 2027.

37. Hiscox relied on the information Safe Rise provided in the application process to properly quote and bind the Hiscox Policies.

38. The application states that Hiscox has relied on the accuracy of this information in order to issue the Hiscox Policies.

39. The information Safe Rise provided in the application process was materially false and misleading.

40. The application summary is included as part of each Hiscox Policy.

41. Each Hiscox Policy includes the following condition:

**Representations**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. The statements are based upon representations you made to us; and

c. We have issued this policy in reliance upon your representations.

6

42. Hiscox would not have issued and/or renewed the Hiscox Policies had Safe Rise been truthful in the application process.

### THE UNDERLYING ACTION

43. On December 18, 2023, Aguilar filed a lawsuit styled *Enrique Catalan Aguilar, as Administrator of the Estate of Galindo Moreno Villegas v. Yee Tai Enterprises Corp., 126 Lessee LLC, and Mel Management Corp. d/b/a Stellar Management* in the Supreme Court of the State of New York, County of New York, alleging that on March 7, 2023, his brother-in-law, decedent Galindo Moreno Villegas, was "involved in the erection, demolition, repairing, or altering of buildings or structures" located at 126 Lafayette Street, New York, New York 10013 (the "Premises") when he was caused to be injured and killed by a collapsing wall by reason of the negligence of Yee Tai, 126 Lessee, and Stellar. Aguilar filed an Amended Complaint, which added Safe Rise and Stroh Engineering Services, P.C. ("Stroh") as defendants, on July 16, 2024.

44. The Amended Complaint alleges that Safe Rise "supervised the Premises," "was responsible for the safety of the Premises," "constructed" and "demolished" the Premises, and "was the general contractor" for the construction project at the Premises.

45. On July 19, 2024, Yee Tai, 126 Lessee, and Stellar filed a joint Answer to the Amended Complaint. In their joint answer, Yee Tai, 126 Lessee, and Stellar asserted crossclaims against Safe Rise and Stroh for contribution and common law and contractual indemnity. The crossclaims did not reference the Hiscox Policies or any obligation of Safe Rise to obtain insurance coverage.

46. Hiscox has provided a defense for Safe Rise in the Underlying Action, pursuant to the reservation of rights letter, to date.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF (RESCISSION)

47. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

48. Safe Rise made material misrepresentations and false statements during its application for the Hiscox Policies.

49. When applying for the Hiscox Policies, Safe Rise materially misrepresented that it did not conduct construction management and/or safety "training, instruction, or services."

50. When applying for the Hiscox Policies, Safe Rise materially misrepresented that it did not perform "any design, construction, installation, removal, or physical repair of any property or tangible good."

51. Hiscox would not have issued the same Hiscox Policies had Safe Rise responded with the correct information during the application process.

52. Hiscox is entitled to rescind the Hiscox Policies based on Safe Rise's material misrepresentations.

53. Hiscox has or will, upon adjudication by this Court of proper rescission, return the premium payments Safe Rise made to it for the Hiscox Policies.

54. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify Safe Rise in connection with the Underlying Action.

55. Hiscox is entitled to a declaration that Hiscox has no future obligation to defend or indemnify Safe Rise in connection with any other occurrence, claim, or suit that may arise under the Hiscox Policies.

56. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify any potential additional insured, in connection with the Underlying Action and/or any other occurrence, claim, or suit that has arisen or may arise under any of the Hiscox Policies.

57. As a result of Safe Rise's conduct, Hiscox has been injured and has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

58. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

59. The Hiscox Policies each include a condition which states that, in accepting the policy, Safe Rise acknowledges that Hiscox issued the policy in reliance on Safe Rise's representations, and Safe Rise warranted that such statements were accurate and complete.

60. Safe Rise breached this condition by providing false and misleading information to Hiscox during the application process and accepting the Hiscox Policies.

61. As Safe Rise materially breached the terms of the Hiscox Policies by making misrepresentations, Hiscox does not owe indemnity to Safe Rise and/or to any purported additional insured for any occurrence, claim or suit that may arise under the Hiscox Policies, including but not limited to the Underlying Action.

62. Hiscox is therefore entitled to damages for Safe Rise's breach of contract, including but not limited to reimbursement of all defense costs Hiscox has incurred in defending Safe Rise in the Underlying Action until the date of rescission.

## PRAYER FOR RELIEF

Plaintiff, Hiscox Insurance Company Inc., hereby respectfully requests the entry of an Order and judgment in its favor, as follows:

a) Declaring that the Hiscox Policies are void *ab initio*;

b) Declaring that Hiscox is not required to provide Safe Rise a defense or indemnification in the Underlying Action (or any subsequently tendered matter from Safe Rise involving the Hiscox Policies) and

may withdraw from its defense of Safe Rise in the Underlying Action;

c) Declaring that Hiscox is entitled to reimbursement of all defense costs incurred to date in defending the Underlying Action;

d) Awarding damages to Hiscox as this Honorable Court deems just and equitable; and

e). Providing such other and further relief as this Honorable Court deems just and equitable.

Dated: May 29, 2025

                              **KENNEDYS CMK LLP**

By: _____
                            Laura B. Dowgin, Esq.
                            *Attorneys for Plaintiff*
                            *Hiscox Insurance Company, Inc.*
                            22 Vanderbilt Avenue, Suite 2400
                            New York, New York 10017
                            (845) 422-9850
                            Laura.dowgin@kennedyslaw.com