

EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 162256/2023
Date Filed: 12/18/2023

---

ENRIQUE CATALAN AGUILAR, Administrator of the
ESTATE OF GALINDO MORENO VILLEGAS,

Plaintiff designates New York
County as the Place of Trial

                                   Plaintiff,

**SUPPLEMENTAL
SUMMONS**

          -against-

YEE TAI ENTERPRISES CORP., 126 LESSEE LLC,
MEL MANAGEMENT CORP. d/b/a STELLAR
MANAGEMENT, STROH ENGINEERING SERVICES,
P.C., and SAFE RISE LLC,

The basis of venue is:
Place of occurrence:

126 Lafayette Street
New York, NY 10013

                                   Defendants

---

To the above-named Defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your Answer, or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
          July 16, 2024

_____
Robert Cannata, Esq.
CANNATA, HENDELE & CANNATA, LLP
Attorneys for Plaintiff
60 East 42nd Street, Suite 932
New York, New York 10165
(212) 553-9205

Defendants' Addresses
YEE TAI ENTERPRISES CORP.
c/o Cullen and Dykman LLP
One Battery Park Plaza, 34th Floor
New York, New York 10004

126 LESSEE LLC
c/o Cullen and Dykman LLP
One Battery Park Plaza, 34th Floor
New York, New York 10004

MEL MANAGEMENT CORP. d/b/a
STELLAR MANAGEMENT
c/o Cullen and Dykman LLP

STROH ENGINEERING SERVICES, P.C.
84 West Hoffman Avenue
Lindenhurst, New York 11757

One Battery Park Plaza, 34th Floor
New York, New York 10004

SAFE RISE LLC
1153 Udall Road
Bay Shote, New York 11706

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ENRIQUE CATALAN AGUILAR, Administrator of the
ESTATE OF GALINDO MORENO VILLEGAS,

Index No.: 162256/2023

Plaintiff,

-against-

**AMENDED VERIFIED**
**COMPLAINT**

YEE TAI ENTERPRISES CORP., 126 LESSEE LLC,
MEL MANAGEMENT CORP. d/b/a STELLAR
MANAGEMENT, STROH ENGINEERING SERVICES,
P.C., and SAFE RISE LLC,

Defendants.

---

Plaintiff, by his attorneys, CANNATA, HENDLE & CANNATA, LLP as and for a

Complaint herein, respectfully sets forth and alleges that:

PARTIES

1.      By Order of the Surrogate of Kings County, dated November 17, 2023, plaintiff

ENRIQUE CATALAN AGUILAR was duly appointed as the Administrator of the ESTATE OF

GALINDO MORENO VILLEGAS, deceased, and said Administrator has duly qualified and is

currently acting in such capacity.

2.      At all times hereinafter mentioned, plaintiff ENRIQUE CATALAN AGUILAR was

the brother-in-law of the decedent, GALINDO MORENO VILLEGAS.

3.      At all times hereinafter mentioned, plaintiff ENRIQUE CATALAN AGUILAR was

and still is a resident of the County of Queens, State of New York.

4.      At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. was

and still is a domestic business corporation duly organized and existing under and by virtue of the

laws of the State of New York.

3

5.      At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. was doing business in the State of New York.

6.      At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. maintained its principal place of business in the State of New York.

7.      At all times hereinafter mentioned, defendant 126 LESSEE LLC was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

8.      At all times hereinafter mentioned, defendant 126 LESSEE LLC was a foreign limited liability company authorized to conduct business in the State of New York.

9.      At all times hereinafter mentioned, defendant 126 LESSEE LLC was a foreign limited liability company doing business in the State of New York.

10.     At all times hereinafter mentioned, defendant 126 LESSEE LLC maintained its principal place of business in the State of New York.

11.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT was doing business in the State of New York.

13.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT maintained its principal place of business in the State of New York.

14.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was and still is a domestic professional service corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was doing business in the State of New York.

16.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. maintained its principal place of business in the State of New York.

17.     At all times hereinafter mentioned, defendant SAFE RISE LLC was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

18.     At all times hereinafter mentioned, defendant SAFE RISE LLC was doing business in the State of New York.

19.     At all times hereinafter mentioned, defendant SAFE RISE LLC maintained its principal place of business in the State of New York.

FACTS COMMON TO ALL COUNTS

20.     On March 7, 2023, defendant YEE TAI ENTERPRISES CORP. owned the real property and facilities thereon, located at 126 Lafayette Street, New York, NY (hereinafter "the Premises").

21.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. was the ground lessor of the Premises.

22.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. operated the Premises.

23.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. maintained the Premises.

24.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. controlled the Premises.

5

25.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. managed the Premises.

26.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. supervised the Premises.

27.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. repaired the Premises.

28.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. constructed the Premises.

29.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. demolished the Premises.

30.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. had possession of the Premises.

31.     On March 7, 2023, defendant 126 LESSEE LLC owned the real property and facilities thereon the Premises.

32.     At all times hereinafter mentioned, defendant 126 LESSEE LLC was the ground lessee of the Premises.

33.     At all times hereinafter mentioned, defendant 126 LESSEE LLC operated the Premises.

34.     At all times hereinafter mentioned, defendant 126 LESSEE LLC maintained the Premises.

35.     At all times hereinafter mentioned, defendant 126 LESSEE LLC controlled the Premises.

6

36.     At all times hereinafter mentioned, defendant 126 LESSEE LLC managed the Premises.

37.     At all times hereinafter mentioned, defendant 126 LESSEE LLC supervised the Premises.

38.     At all times hereinafter mentioned, defendant 126 LESSEE LLC repaired the Premises.

39.     At all times hereinafter mentioned, defendant 126 LESSEE LLC constructed the Premises.

40.     At all times hereinafter mentioned, defendant 126 LESSEE LLC demolished the Premises.

41.     At all times hereinafter mentioned, defendant 126 LESSEE LLC had possession of the Premises.

42.     On March 7, 2023, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT owned the real property and facilities thereon the Premises.

43.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT was the ground lessee of the Premises.

44.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT developed the Premises.

45.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT operated the Premises.

46.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT maintained the Premises.

7

47.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT controlled the Premises.

48.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT managed the Premises.

49.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT supervised the Premises.

50.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT repaired the Premises.

51.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT constructed the Premises.

52.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT demolished the Premises.

53.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT had possession of the Premises.

54.     On March 7, 2023, defendant STROH ENGINEERING SERVICES, P.C. owned the real property and facilities thereon the Premises

55.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. operated the Premises.

56.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. maintained the Premises.

57.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. controlled the Premises.

8

58.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. managed the Premises.

59.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. supervised the Premises.

60.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. repaired the Premises.

61.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. constructed the Premises.

62.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. demolished the Premises.

63.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. had possession of the Premises.

64.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was the engineer of record for the Premises.

65.     On March 7, 2023, defendant SAFE RISE LLC owned the real property and facilities thereon the Premises.

66.     At all times hereinafter mentioned, defendant SAFE RISE LLC operated the Premises.

67.     At all times hereinafter mentioned, defendant SAFE RISE LLC maintained the Premises.

68.     At all times hereinafter mentioned, defendant SAFE RISE LLC controlled the Premises.

69.     At all times hereinafter mentioned, defendant SAFE RISE LLC managed the Premises.

9

70.     At all times hereinafter mentioned, defendant SAFE RISE LLC supervised the Premises.

71.     At all times hereinafter mentioned, defendant SAFE RISE LLC was responsible for the safety of the Premises.

72.     At all times hereinafter mentioned, defendant SAFE RISE LLC repaired the Premises.

73.     At all times hereinafter mentioned, defendant SAFE RISE LLC constructed the Premises.

74.     At all times hereinafter mentioned, defendant SAFE RISE LLC demolished the Premises.

75.     At all times hereinafter mentioned, defendant SAFE RISE LLC had possession of the Premises.

76.     On March 7, 2023, there was ongoing construction, at the subject premises, located at 126 Lafayette Street, New York, NY (hereinafter referred to as "the Construction Project").

77.     On or about March 7, 2023, there was ongoing renovation at the subject premises, located at the Construction Project.

78.     On or about March 7, 2023, there was ongoing demolition at the subject premises, located at the Construction Project.

79.     Said Construction Project generally involved the erection, demolition, repairing, or altering of buildings or structures of certain facilities located at 126 Lafayette Street, New York, NY.

80.     Prior to March 7, 2023, defendant YEE TAI ENTERPRISES CORP. contracted with RJB Contracting Carting Corp. for the performance of the work at the Construction Project.

81.     At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. was the general contractor for the Construction Project.

82. At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. was a contractor or subcontractor for the Construction Project.

83. At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. hired and retained contractors or subcontractors for the Construction Project.

84. At all times hereinafter mentioned defendant YEE TAI ENTERPRISES CORP. hired and retained RJB Contracting Carting Corp. to perform erection, demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

85. At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. controlled the manner and method of the work being performed by the contractors and subcontractors at the Construction Project.

86. At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. was responsible for work site safety at the Construction Project.

87. At all times hereinafter mentioned, defendant YEE TAI ENTERPRISES CORP. inspected the Premises during the Construction Project.

88. Prior to March 7, 2023, defendant 126 LESSEE LLC contracted with RJB Contracting Carting Corp. for the performance of the work at the Construction Project.

89. At all times hereinafter mentioned, defendant 126 LESSEE LLC was the general contractor for the Construction Project.

90. At all times hereinafter mentioned, defendant 126 LESSEE LLC was a contractor or subcontractor for the Construction Project.

91. At all times hereinafter mentioned, defendant 126 LESSEE LLC hired and retained contractors or subcontractors for the Construction Project.

11

92.     At all times hereinafter mentioned defendant 126 LESSEE LLC hired and retained RJB Contracting Carting Corp. to perform erection, demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

93.     At all times hereinafter mentioned, defendant 126 LESSEE LLC controlled the manner and method of the work being performed by the contractors and subcontractors at the Construction Project.

94.     At all times hereinafter mentioned, defendant 126 LESSEE LLC was responsible for work site safety at the Construction Project.

95.     At all times hereinafter mentioned, defendant 126 LESSEE LLC inspected the Premises during the Construction Project.

96.     Prior to March 7, 2023, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT contracted with RJB Contracting Carting Corp. for the performance of the work at the Construction Project.

97.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT was the general contractor for the Construction Project.

98.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT was a contractor or subcontractor for the Construction Project.

99.     At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT hired and retained contractors or subcontractors for the Construction Project.

100.    At all times hereinafter mentioned defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT hired and retained RJB Contracting Carting Corp. to perform erection,

12

demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

101.    At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT controlled the manner and method of the work being performed by the contractors and subcontractors at the Construction Project.

102.    At all times hereinafter mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT was responsible for work site safety at the Construction Project.

103.    At all times herein mentioned, defendant MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT inspected the Premises during the Construction Project.

104.    Prior to March 7, 2023, defendant STROH ENGINEERING SERVICES, P.C. contracted with Yee Tai Enterprises Corp. for the performance of the work at the Construction Project.

105.    Prior to March 7, 2023, defendant STROH ENGINEERING SERVICES, P.C. contracted with 126 Lessee LLC for the performance of the work at the Construction Project.

106.    Prior to March 7, 2023, defendant STROH ENGINEERING SERVICES, P.C. contracted with Mel Management Corp. d/b/a Stellar Management for the performance of the work at the Construction Project.

107.    Prior to March 7, 2023, defendant STROH ENGINEERING SERVICES, P.C. contracted with RJB Contracting Carting Corp. for the performance of the work at the Construction Project.

108.    At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was the general contractor for the Construction Project.

109.    At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was a contractor or subcontractor for the Construction Project.

13

110.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was the engineer of record for the Construction Project.

111.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. hired and retained contractors or subcontractors for the Construction Project.

112.     At all times hereinafter mentioned defendant STROH ENGINEERING SERVICES, P.C. hired and retained RJB Contracting Carting Corp. to perform erection, demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

113.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. controlled the manner and method of the work being performed by the contractors and subcontractors at the Construction Project.

114.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. was responsible for work site safety at the Construction Project.

115.     At all times hereinafter mentioned, defendant STROH ENGINEERING SERVICES, P.C. inspected the Premises during the Construction Project.

116.     Prior to March 7, 2023, defendant SAFE RISE LLC contracted with Yee Tai Enterprises Corp. for the performance of the work at the Construction Project.

117.     Prior to March 7, 2023, defendant SAFE RISE LLC contracted with 126 Lessee LLC for the performance of the work at the Construction Project.

118.     Prior to March 7, 2023, defendant SAFE RISE LLC contracted with Mel Management Corp. d/b/a Stellar Management for the performance of the work at the Construction Project.

119.     Prior to March 7, 2023, defendant SAFE RISE LLC contracted with RJB Contracting Carting Corp. for the performance of the work at the Construction Project.

120.     At all times hereinafter mentioned, defendant SAFE RISE LLC was the general contractor for the Construction Project.

121.     At all times hereinafter mentioned, defendant SAFE RISE LLC was a contractor or subcontractor for the Construction Project.

122.     At all times hereinafter mentioned, defendant SAFE RISE LLC hired and retained contractors or subcontractors for the Construction Project.

123.     At all times hereinafter mentioned defendant SAFE RISE LLC hired and retained RJB Contracting Carting Corp. to perform erection, demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

124.     At all times hereinafter mentioned, defendant SAFE RISE LLC controlled the manner and method of the work being performed by the contractors and subcontractors at the Construction Project.

125.     At all times hereinafter mentioned, defendant SAFE RISE LLC was responsible for work site safety at the Construction Project.

126.     At all times hereinafter mentioned, defendant SAFE RISE LLC inspected the Premises during the Construction Project.

127.     At all times hereinafter mentioned, defendant SAFE RISE LLC supervised the demolition of the Premises during the Construction Project.

128.     On March 7, 2023, decedent GALINDO MORENO VILLEGAS was lawfully present on the premises located at 127 Lafayette Street, New York, New York.

129.     On March 7, 2023, decedent GALINDO MORENO VILLEGAS was employed by RJB Contracting Carting Corp.

130.	On March 7, 2023, decedent GALINDO MORENO VILLEGAS was involved in the erection, demolition, repairing, or altering of buildings or structures at the Construction Project.

131.	On March 7, 2023, during the course of his employment with RJB Contracting Carting Corp., the second floor collapsed onto decedent, injuring and killing him.

132.	This action falls within one or more of the exceptions set forth in CPLR 1602.

133.	Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of decedent's damages, including but not limited to decedent's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

134.	Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of decedent's damages, including but not limited to decedent's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

135.	Pursuant to CPLR Section 1602(2)(iv), the defendants are jointly and severally liable for all of decedent's damages, including but not limited to decedent's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

136.	Pursuant to CPLR Section 160(4), defendants are jointly and severally liable for all of decedent's damages, including in addition, the equitable share of any person or entity against whom decedent is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

137.    Pursuant to CPLR Section 1602(8), defendants are jointly and severally liable for all of decedent's damages, including but not limited to decedent's non-economic loss, irrespective of the provision of CPLR Section 1601, by reason of the fact that defendants are liable pursuant to Article 10 of the Labor Law.

<u>AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE</u>

138.    Plaintiff repeats and realleged paragraphs 1 through 137 with the same force and effect as if fully set forth herein.

139.    At all times hereinafter mentioned, defendants were under a duty to maintain the Construction Project and attendant work areas in a safe condition for those persons lawfully upon same, including workers and laborers working thereon.

140.    At all times hereinafter mentioned, defendants were under a duty to provide decedent with the safe, necessary, appropriate and adequate (for the work being performed) safety devices, equipment and instrumentalities.

141.    At all times hereinafter mentioned, the defendants, their servants, agents and/or employees were careless, reckless, and negligent in the operation, control, maintenance, construction, demolition, renovation, alteration, repair and/or supervision the Construction Project and work occurring therein; in causing and allowing the work site to become and remain dangerous and unsafe; in causing and failing to provide the decedent with a reasonably safe place to work, free from accident-producing hazards and dangers; in causing and failing to provide a work area in a safe condition, free from dangers and hazards; and in causing and failing to provide the safe, necessary, appropriate and adequate safety devices, equipment and instrumentalities.

142.    On March 7, 2023, during decedent's work at the Construction Project, the defendants were negligent and as a result thereof, decedent was injured and killed.

17

143. As a direct and proximate result of the aforesaid accident, the decedent sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pain, suffering, and fear of impending death from the moment of this incident to the moment of his wrongful death, which resulted from the injuries sustained by reason of the negligence of defendants.

144. The aforesaid accident and the resulting injuries and wrongful death to the decedent were caused solely by reason of the carelessness, negligence, and recklessness on the part of the defendants, their servants, agents, and employees, without any fault or negligence on the part of the decedent contributing thereto.

145. As a result of defendants' negligence, defendants are liable to decedent and plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

<u>AS AND FOR A SECOND CAUSE OF ACTION: LABOR LAW §200</u>

146. Plaintiff repeats and realleged paragraphs 1 through 145 with the same force and effect as if fully set forth herein.

147. As a person employed in the performance of construction and renovation work, decedent was entitled to the protections afforded to persons employed under the Labor Law of the State of New York, including Labor Law §200.

148. The negligence, carelessness, and recklessness of the defendants, their agents, employees representatives, servants, and/or independent contractors over whom they exercised or had authority to exercise supervision and control, in the ownership, operation, maintenance, management and control of the premises was in violation of the Labor Law §200.

18

149.    The defendants, their agents, employees, representatives, servants, and/or independent contractors over whom they exercised or had authority to exercise supervision and control were in violation of the applicable laws, statutes, ordinances, administrative enactments, rules and regulations including the New York State Labor Law §200.

150.    The defendants herein, including their agents, servants, and/or employees, created and/or had actual and/or constructive notice of the dangerous condition and/or had control over the worksite, and/or exercised control or supervision over the work performed by plaintiff.

151.    The defendants, their agents, employees, representatives, servants, and/or independent contractors over whom they exercised or had authority to exercise supervision and control, were negligent, careless and reckless in failing to construct, equip, arrange, operate and conduct the worksite as to provide reasonable and adequate protection to the lives, health and safety of all persons, decedent in particular, employed therein or lawfully frequenting such places.

152.    The defendants, their agents, employees, representatives, servants and/or independent contractors failed to properly provide reasonable and adequate protection to all such persons; in causing, permitting and allowing said portion of the construction site to be, become and remain in an unsafe manner and dangerous condition, in causing, allowing and permitting the said construction site to be and to remain in a dangerous condition.

153.    Defendants violated Labor Law §200.

154.    By reason of the foregoing, the decedent sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pain, suffering, and fear of impending death from the moment of this incident to the moment of his wrongful death, which resulted from the injuries sustained by reason of the negligence of defendants.

155.    As a result of the foregoing, defendants are liable to decedent and plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION: LABOR LAW §240(1)

156.    Plaintiff repeats and realleged paragraphs 1 through 155 with the same force and effect as if fully set forth herein.

157.    As a person employed in the performance of construction and renovation work, decedent was entitled to the protections afforded to persons so employed under the Labor Law of the State of New York including the Labor Law §240(1).

158.    The negligent, careless and reckless conduct of the defendants, their agents, servants and or employees in the ownership, operation, maintenance, management and control of the premises was in violation of the Labor Law §240(1).

159.    The defendants herein, including their agents, servants, and/or employees, were in violation of the applicable laws, statutes, ordinances, administrative enactments, rules and regulations including the New York State Labor Law §240(1).

160.    The defendants, their agents, employees, representatives, servants and/ or independent contractors over whom defendants exercised, or had authority to exercise, supervision and control failed to furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

161.    The defendants, their agents, employees, representatives, servants and/ or independent contractors caused decedent to be exposed to those types of risks contemplated by Labor Law §240(1).

20

162.     The defendants, their agents, employees, representatives, servants and/ or independent contractors failed to provide the decedent with proper and adequate protection from falling objects.

163.     By reason of the foregoing, the decedent sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pain, suffering, and fear of impending death from the moment of this incident to the moment of his wrongful death, which resulted from the injuries sustained by reason of the negligence of defendants.

164.     As a result of the foregoing, defendants are liable to decedent and plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION: LABOR LAW §241(6)

165.     Plaintiff repeats and realleged paragraphs 1 through 164 with the same force and effect as if fully set forth herein.

166.     As a person employed in the performance of construction and demolition work, decedent was entitled to the protections afforded to persons so employed under the Labor Law of the State of New York, including the Labor Law §241(6).

167.     The negligent, careless and reckless conduct of the defendants, their agents, servants and or employees in the ownership, operation, maintenance, management and control of the premises was in violation of the New York State Industrial Codes and Labor Law §241(6).

168.     The defendants herein, including their agents, servants, and/or employees, were in violation of the applicable laws, statutes, ordinances, administrative enactments, rules and regulations including the New York State Labor Law §241(6).

169.     The defendants herein, including their agents, servants and/or employees, were in violation of various New York State Industrial Codes.

21

170.    The defendants, their agents, employees, representatives, servants and/or independent contractors over whom defendants exercised, or had authority to exercise, supervise, and control failed to construct, shore, equip, guard, arrange, operate and conduct the worksite as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places, in particular, decedent, in causing, permitting and allowing said portion of the construction site to be, become and remain in an unsafe manner and dangerous condition, in violating Labor Law §241(6) and other applicable statutes, laws, rules, regulations, and ordinances then and there prevailing.

171.    At all times herein mentioned, decedent was entitled to proper protection under the New York Industrial Code.

172.    Defendants have violated sections of the New York Industrial Code.

173.    By reason of the foregoing, the decedent sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pain, suffering, and fear of impending death from the moment of this incident to the moment of his wrongful death, which resulted from the injuries sustained by reason of the negligence of defendants.

174.    As a result of the foregoing, defendants are liable to decedent and plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

<u>AS AND FOR A FIFTH CAUSE OF ACTION: WRONGFUL DEATH</u>

175.    Plaintiff repeats and realleged paragraphs 1 through 174 with the same force and effect as if fully set forth herein.

176.    As a result of the injuries sustained by the decedent, GALINDO MORENO VILLEGAS, the decedent was caused to suffer a wrongful death on March 7, 2023.

22

177.     As a result of the wrongful death of the decedent, plaintiff ENRIQUE CATALAN

AGUILAR and distributees of the decedent have been permanently and totally deprived of the usual,

anticipated and potential services, support, aid, maintenance and contribution of the said decedent,

and were obliged to incur pecuniary and other losses, funeral and other expenses, and were severely

damaged.

178.     As a result, plaintiff ENRIQUE CATALAN AGUILAR has suffered severe damages

in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants on each cause of action,

the amount sought exceeding the monetary jurisdictional limits of any and all lower Courts which

would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together

with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
      July 16, 2024

By: _____
Robert Cannata, Esq.
CANNATA, HENDELE & CANNATA, LLP
Attorneys for Plaintiff
60 East 42nd Street, Suite 932
New York, New York 10165
(212) 553-9205

23

## ATTORNEY VERIFICATION

Robert Cannata, an attorney duly admitted to practice law before the Courts of the State of New York, hereby state the following:

That I am a partner at CANNATA, HENDELE & CANNATA, LLP, attorneys of record for the Plaintiff ENRIQUE CATALAN AGUILAR, Administrator of the ESTATE OF GALINDO MORENO VILLEGAS, for the above-entitled personal injury action. I have read the annexed Verified Complaint and know the contents thereof. They are true to my knowledge, except as to those facts which are alleged on information and belief; and which, in good faith, I believe to be true.

My belief in respect to those allegations contained therein, which are not stated in furtherance of my independent knowledge, is based upon the following: investigations, interviews with the Plaintiff, relevant records, reports, documents, data, memoranda, etc., contained in the file for this case, as maintained by this law office.

The reason that I make this affirmation, instead of the Plaintiff, is that the Plaintiff resides outside of the County of New York wherein this law firm maintains its office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: New York, New York
      July 16, 2023

                                      _____
                                         Robert Cannata, Esq.

24

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF**

----------------------------------------------------------------x

Plaintiff/Petitioner,

- against -                                                              Index No.

Defendant/Respondent.

----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

● **If you are represented by an attorney**:
Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

● **If you are not represented by an attorney**:
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

● serving and filing your documents electronically

● free access to view and print your e-filed documents

● limiting your number of trips to the courthouse

● paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

● visit: www.nycourts.gov/efile-unrepresented or
● contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

      Name                             Address

      Firm Name

                                         Phone

                                       _____
                                         E-Mail

To: _____

    _____

    _____

ATTORNEY(s) : Cannata Hendele & Cannata LLP
INDEX # : 162256/2023
PURCHASED/FILED : December 18, 2023
STATE OF : NEW YORK
COURT : Supreme
COUNTY/DISTRICT : New York

P22277735

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Enrique Catalan Aguilar etal

Plaintiff(s)

against

Yee Tai Enterprises Corp. etal

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY )SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**

Approx. Age: 70 Yrs.

Weight: 120 Lbs.  Height: 5' 0"  Sex: Female  Color of skin: White

Hair color: Blonde  Other: _____

**Sean Warner** _____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **August 28, 2024** , at **3:55 pm** , at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**NOTICE OF ELECTRONIC FILING, SUPPLEMENTAL SUMMONS & AMENDED VERIFIED COMPLAINT ATTORNEYS VERIFICATION**

on

**Safe Rise LLC**

,

the Defendant in this action, by delivering to and leaving with **Sue Zouky**

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of **$40** dollars; That said service

was made pursuant to Section **LIMITED LIABILITY COMPANY LAW §303**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office
of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said
defendant.

Sworn to before me on this
28th day of August, 2024

ROBERT GUYETTE
Notary Public State of New York
01GU6382699 RENSSELAER COUNTY
Commission Expires OCTOBER 29, 2026

Sean Warner

**Invoice·Work Order # 2440532**
Attorney File # **22277735**