```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
```

HISCOX INSURANCE COMPANY INC.,                 Docket No 25-CV-04492 AS

                Plaintiff,

    -against-                                                **ANSWER TO**
                                                                                  **COMPLAINT**

YEE TAI ENTERPRISES CORP., 126 LESSEE LLC,
MEL MANAGEMENT CORP. d/b/a STELLAR
MANAGEMENT, STROH ENGINEERING SERVICES, P.C.,
and ENRIQUE CATALAN AGUILAR, as Administrator of
the ESTATE OF GALINDO MORENA VILLEGAS,

                Defendants.
```
-------------------------------------------------------------------------X
```

        Defendant, YEE TAI ENTERPRISES CORP. ("YEE TAI"), 126 LESSEE LLC ("126 LESSEE") and MEL MANAGEMENT CORP. d/b/a STELLAR MANAGEMENT ("STELLAR") (collectively "Answering Defendants"), by their attorneys, CULLEN and DYKMAN, LLP, as and for their answer to the Declaratory Judgment Complaint of the Plaintiff, HISCOX INSURANCE COMPANY INC. ("HISCOX" or "Plaintiff"), respectfully allege, upon information and belief, as follows:

### THE PARTIES

    1.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of Plaintiff's Complaint.

    2.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of Plaintiff's Complaint.

    3.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of Plaintiff's Complaint.

    4.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of Plaintiff's Complaint.

    5.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of Plaintiff's Complaint.

{01433856.DOC}

6.	Paragraph "6" of Plaintiff's Complaint contains a statement to which no responsive pleading is required. To the extent a response is required, said statement is denied.

7.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of Plaintiff's Complaint.

8.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of Plaintiff's Complaint.

9.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of Plaintiff's Complaint.

10.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of Plaintiff's Complaint.

11.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of Plaintiff's Complaint.

12.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of Plaintiff's Complaint as they relate to Safe Rise and deny said allegation as they relate to the Answering Defendants.

13.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of Plaintiff's Complaint as they relate to Safe Rise, but deny said allegation as they relate to the Answering Defendants

**THE PARTIES**

14.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of Plaintiff's Complaint.

15.	Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of Plaintiff's Complaint.

16. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of Plaintiff's Complaint.

17. Defendants 126 LESSEE and STELLAR deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of Plaintiff's Complaint. Defendant YEE TAI admits said allegations.

18. Defendants YEE TAI and STELLAR deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of Plaintiff's Complaint. Defendant 126 LESSEE admits said allegations.

19. Defendants YEE TAI and 126 LESSEE deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of Plaintiff's Complaint. Defendant STELLAR admits said allegations.

20. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of Plaintiff's Complaint.

21. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of Plaintiff's Complaint.

22. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of Plaintiff's Complaint.

23. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

24. Denied.

25. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of Plaintiff's Complaint and Answering Defendants respectfully refer all questions of law to this Honorable Court for determination.

26. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of Plaintiff's Complaint and Answering Defendants respectfully refer all questions of law to this Honorable Court for determination.

## FACTUAL BACKGROUND

27. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of Plaintiff's Complaint.

28. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of Plaintiff's Complaint.

29. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of Plaintiff's Complaint

30. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of Plaintiff's Complaint.

31. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of Plaintiff's Complaint.

32. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of Plaintiff's Complaint.

33. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of Plaintiff's Complaint.

34. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of Plaintiff's Complaint.

35. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of Plaintiff's Complaint.

36. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of Plaintiff's Complaint.

37.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of Plaintiff's Complaint.

38.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of Plaintiff's Complaint

39.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of Plaintiff's Complaint.

40.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of Plaintiff's Complaint.

41.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of Plaintiff's Complaint.

42.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of Plaintiff's Complaint.

## THE UNDERLYING ACTION

43.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of Plaintiff's Complaint, except admit that a lawsuit styled *Enrique Catalan Aguilar, as Administrator for the Estate of Galindo Moreno Villegas v. Yee Tai Enterprises Corp., et al,* is pending in the Supreme Court of the State of New York, County of New York, and respectfully refer this Honorable Court to the pleadings in said action for the claims and allegations made therein.

44.     Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of Plaintiff's Complaint, except admit that a lawsuit styled *Enrique Catalan Aguilar, as Administrator for the Estate of Galindo Moreno Villegas v. Yee Tai Enterprises Corp., et al,* is pending in the Supreme Court of the State of New York, County of New York, and respectfully refer this Honorable Court to the pleadings in said action for the claims and allegations made therein.

45. Admit the allegations in paragraphs "45" of Plaintiff's Complaint.

46. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of Plaintiff's Complaint.

**AS AND FOR A RESPONSE TO
THE FIRST CAUSE OF ACTION FOR
<u>DECLARATORY RELIEF (RESCISSION)</u>**

47. In response to paragraph "47" of the Plaintiff's Complaint Answering Defendants repeat, reiterate and reallege each and every response heretofore set forth above.

48. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of Plaintiff's Complaint.

49. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of Plaintiff's Complaint.

50. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of Plaintiff's Complaint.

51. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "51" of Plaintiff's Complaint.

52. Deny the allegations contained in paragraph "52" of Plaintiff's Complaint and Answering Defendants respectfully refer all questions of law to this Honorable Court for determination

53. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of Plaintiff's Complaint.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## AS AND FOR A RESPONSE TO
## THE SECOND CAUSE OF ACTION FOR
## DECLARATORY RELIEF (BREACH OF CONTRACT)

58. In response to paragraph "58" of the Plaintiff's Complaint Answering Defendants repeat, reiterate and reallege each and every response heretofore set forth above.

59. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59" of Plaintiff's Complaint

60. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of Plaintiff's Complaint

61. Denied.

62. Denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred by reason of laches and/or unclean hands.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. Plaintiff's Complaint must be dismissed in that it fails to state a cause of action upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. Plaintiff's Complaint fails to allege a justiciable controversy as to Answering Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. Plaintiff is precluded from denying coverage insofar as Plaintiff failed to timely disclaim coverage as a matter of law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. Plaintiff is precluded from denying coverage insofar as Plaintiff failed to conduct any survey or investigation into the conduct of the business of its named insured prior to

issuing the policy of insurance.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. Plaintiff is precluded from denying coverage insofar as Plaintiff has failed to properly vitiate the policies of insurance issued to Safe Rise.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. The causes of action asserted in the Plaintiff's Complaint are barred, in whole or in part by the terms, conditions, limitations and other provisions contained in or incorporated by reference in the ADMIRAL policy.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiff is restricted, limited or precluded from seeking a declaration that no coverage is owed to the Answering Defendants by the "separation of insureds" clause within the policy/policies of insurance.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred by reason of estoppel and/or waiver.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

72. If there is any period of limitation in the policy of insurance which would bar Plaintiff's claims, said period of limitation is pleaded.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff failed to mitigate and continues to fail to mitigate its damages.

**WHEREFORE,** Answering Defendants demand judgment:

a. Dismissing the Plaintiff's Complaint;
b. Declaring that the underlying action is covered by the terms of the policies issued by Plaintiff to Safe Rise;
c. Declaring that Plaintiff be obligated to pay any damages that may be in the underlying personal injury action;
d. Declaring that Answering Defendants be awarded the costs and disbursements of this action; and

e. Declaring that Answering Defendants have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 14, 2025

Yours, etc.,

CULLEN and DYKMAN LLP
Attorneys for Defendants
YEE TAI ENTERPRISES CORP., 126 LESSEE LLC.
and MEL MANAGEMENT CORP. d/b/a
STELLAR MANAGEMENT

By: *Olivia M. Gross*
_____
Olivia M. Gross
One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 510-2221
ogross@cullenllp.com
Our File No.: 5466.55